UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

FRANK BARTHOLIC
            Plaintiff

VERSUS                                    Civil Action No. 10-00286

STATE OF ARIZONA                          JUDGE JAMES T. TRIMBLE, JR.
            Defendant                     MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, Frank Bartholic ("Bartholic") filed a civil rights complaint against the State of Arizona ("Arizona") on February 18, 2010 (Doc. 1).  In the complaint, Bartholic contends Arizona violated both the Due Process and Equal Protection clauses of the Fourteenth Amendment by requiring him to register as a sex offender.  Bartholic seeks monetary damages in the amount of $250,000,000.

On May 3, 2010, Bartholic filed a motion for default judgment arguing he served Arizona and they had not filed an answer within 20 days (Doc. 8, 10).  The Clerk's office issued a notice of entry of default on May 10, 2010 and on May 27, 2010, Arizona sought to set aside the default (Doc 9, 14).  In response, Bartholic filed an opposition (Doc. 17).

Arizona then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on July 2, 2010 (Doc. 26).[1]  On

---

[1]  Though the caption stated it was a motion to dismiss pursuant to Rules 12(b)(1),(4),(5) and(6), only grounds for

July 14, 2010, Arizona sought leave to file a supplemental motion which this court granted (Doc. 30).

Both the original and supplemental motions are before the undersigned for report and recommendation.

Eleventh Amendment - Sovereign Immunity

The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives sovereign immunity.  U.S. Const. Amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114,1122, 134 L.Ed.2d 252 (1996).  While Congress may abrogate a state's immunity, it must be done unequivocally and no such abrogation has been made with respect to civil right cases under 42 U.S.C.A. § 1983.  Id. at 55; Quern v. Jordan, 440 U.S. 332, 338-40, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Will v. Michigan Department of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).

Bartholic argues in his opposition to the motion to set aside entry of default that Arizona Revised Statute 12-820.01 "clearly states [it d]oes not allow immunity from Civil Suits against the state." (Doc. 17, p.4).  The undersigned has reviewed A.R.S. 12-820.01 and finds it does not support Bartholic's argument for waiver of immunity.  In fact, the statute is entitled "Absolute Immunity" and discusses instances in which a public entity shall not be liable.  Even if Arizona did consent to be sued in state

---

dismissal under 12(b)(1) were argued.

court, it does not necessarily imply it consents to be sued in federal court and no case law or statute has been cited and the undersigned has not found any which evidences an unequivocal waiver of sovereign immunity by the State of Arizona.

Bartholic also argues that Arizona should have asserted its sovereign immunity defense when they were served. The record reveals that the affirmative defense was pled by defendant in their first responsive pleading. Thus, this argument is without merit and warrants no further discussion.

Without a waiver, Arizona cannot be sued in this court. Accordingly, the motion to dismiss should be granted.[2]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss (Doc. 26) be GRANTED and Bartholic's complaint be DISMISSED WITH PREJUDICE.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall

---

[2] As this court lacks jurisdiction, there is neither a need nor any authority for the undersigned to address the remaining arguments set forth in the motion to dismiss.

be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of September 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE